IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**United States of America**,             Case No: 2:18-cr-00224

    Plaintiff,                              **Judge Graham**

v.

**Glen M. Madison, Jr.,**

    Defendant.

## OPINION & ORDER

This matter is before the Court upon Defendant Glen Madison's motion for early termination of supervised release. Doc. 70. In 2019, this Court sentenced Mr. Madison to six concurrent terms of 84 months of incarceration, each followed by concurrent terms of supervised release. Mr. Madison began his five-year term of supervised release on May 31, 2023. The government opposes his motion. Doc. 71. For the following reasons, the Court **DENIES** the motion.

"Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances-such as exceptionally good behavior." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Under 18 U.S.C. §3583(e), the Court may

    (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

1

18 U.S.C. § 3583(e)(1). Before denying a motion for early termination, the Court must consider the relevant sentencing factors under 18 U.S.C. § 3553(a). *United States v. Tavarez*, 141 F.4th 750, 758 (6th Cir. 2025).

Mr. Madison's *pro se* motion for early termination is a single page without specific reference to any § 3553(a) factors. Doc. 70. He cites his consistent employment, his strong support network, and his ability to stay out of legal trouble during his term of supervision as reasons for early termination. *Id.* Mr. Madison has served more than 1 year of supervised release, and therefore meets the threshold requirement.

Nevertheless, the government opposes his motion for early termination. Doc. 71. The government points out that Mr. Madison has been testing positive for fentanyl, leading to his recent entry into a detox program, which is to be followed by a 28-day inpatient treatment program. Therefore, "given both the seriousness of Madison's underlying convictions and his recent drug relapse," the government's position is that Mr. Madison and the community "would be better served by him continuing with the ongoing assistance and guidance of his Probation Officer." *Id.*

## SENTENCING FACTORS

The Sixth Circuit directs the Court to consider the following sentencing factors before denying a motion for early termination of supervised release:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics;
>
> (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed education or

2

> vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentence and sentencing range established from the defendant's crimes;
>
> (4) pertinent policy statements issued by the United States Sentencing Commission;
>
> (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (6) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3583(e) (citing 18 U.S.C. § 3553(a)(1), (2)(B)–(D) & (4)–(7)) (formatting supplied); *Tavarez*, 141 F.4th at 758. However, the Court is not required to "articulate its analysis of each sentencing factor as long as the record demonstrates that the Court considered the relevant factors." *United States v. Watkins*, 625 F.3d 277, 281 (6th Cir. 2010).

Of the factors listed above, the Court is most concerned with the need to provide correctional treatment in the most effective manner. Given Mr. Madison's recent relapse into fentanyl use, continued supervision is appropriate in order to provide him the best chance at successful rehabilitation. This decision does not diminish the extent to which Mr. Madison has made legitimate progress, to the credit and benefit of himself and his strong support network.

## CONCLUSION

After considering and weighing the relevant statutory factors and the information in the record, the Court concludes that early termination of supervised

release is not warranted. Defendant's motion for early termination of supervised release (doc. 70) is therefore **DENIED**. This result does not preclude Mr. Madison from seeking early termination of his supervised release in the future.

    **IT IS SO ORDERED.**

DATE: December 19, 2025

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge